```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
RICHARD C. MORRISON,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       22-CV-3591 (KAM)

SONIA REEVES, MTA NEW YORK CITY
TRANSIT,

                Defendants.
--------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Richard C. Morrison commenced this *pro se* action against Defendant Sonia Reeves and his former employer Defendant MTA New York City Transit ("NYCT")[1] on June 15, 2022, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA").

Although Plaintiff's request to proceed *in forma pauperis* is granted, for the reasons stated below, the complaint is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is, however, granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

---

[1] The first and second pages of Plaintiff's Complaint identifies the employer Defendant as "MTA New York City Transit." (ECF No. 1 ("Compl.") at 1-2.)  To the extent the Complaint identifies the employer Defendant as "the MTA," the Court construes it as referring to the entity MTA New York City Transit Authority, as consistent with the first two pages of Plaintiff's Complaint.

## BACKGROUND

Plaintiff alleges that he was terminated from his employment as an MTA bus operator after an incident that occurred on May 12, 2018 "involving a[] false allegation made by Sonia Reeves' cousin Yolanda Jones." (ECF No. 1 ("Compl.") at 5.[2]) Plaintiff previously filed a Title VII complaint related to that incident, which this Court dismissed for failure to state a claim on July 13, 2020. *Morrison v. Jones*, No. 19-CV-7141 (KAM), 2020 WL 3960508, at *4 (E.D.N.Y. July 13, 2020), *aff'd,* No. 20-2733, 2021 WL 5829749 (2d Cir. Dec. 9, 2021).

In the instant complaint, Plaintiff alleges that Defendant Reeves spread rumors about him on social media, including his picture. (Compl. at 5.) Plaintiff alleges that, on January 9, 2020, he was walking along Cadman Plaza near the bus terminal when Defendant Reeves, who was sitting in the operator's seat of a parked bus, opened the door of the bus and pointed Plaintiff out to another operator who was standing in the bus next to Defendant Reeves. (*Id.* at 5, 8.) Plaintiff states that he and Defendant Reeves exchanged words and that "the NYPD was called." (*Id.* at 8.) Plaintiff further asserts that police questioned Defendant Reeves and the other operator separately, and that "the officer

---

[2] All pagination citations refer to the page number assigned by the Court's CM/ECF system.

2

laughingly said he didn't need [Plaintiff's] statement." (*Id.*) Finally, Plaintiff states that "the MTA reinstated" him and "waited until July 23, 2022" to question him about the incident. (*Id.* at 9.) Plaintiff attached a Determination and Notice of Rights issued by the United States Equal Employment Opportunity Commission ("EEOC") on March 15, 2022. (*Id.* at 10-12.) The Notice stated that the EEOC would not proceed further with the investigation and informed Plaintiff of his right to sue within 90 days. (*Id.* at 10.)

Plaintiff seeks the following relief: that "the allegations be legally removed for [his] employment records" and that "the MTA allegation in their response[] to EEOC that [Plaintiff is] of criminal conduct be removed." (*Id.* at 6.) Plaintiff also requests the full restoration of lost earnings and employment time, as well as compensatory damages. (*Id.*)

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all well-

pleaded allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

**A. Plaintiff's Claims Against Defendant Reeves**

As a threshold matter, there is no individual liability under Title VII or the ADEA. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (recognizing that the district court appropriately dismissed the Title VII claims against individual defendants "[b]ecause Title VII does not impose liability on

4

individuals") (collecting cases); *Jarvois v. Ferrara*, No. 18-CV-3997 (GHW), 2019 WL 3890130, at *5 (S.D.N.Y. Aug. 19, 2019) (same); *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) (summary order); *Burlingame v. Martin*, No. 22-CV-24 (BKS/CFH), 2022 WL 2315617, at *2 (N.D.N.Y. June 28, 2022) (dismissing ADEA claim against an individual defendant because as "an individual, [defendant] cannot be held liable under the ADEA"). Accordingly, the Court dismisses Plaintiff's Title VII claims against individual Defendant Reeves. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.  Plaintiff's Title VII and ADEA Claims Against New York City Transit**

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).  A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *see also Littlejohn v. City of New York*, 795

5

F.3d 297, 316 (2d Cir. 2015) (noting the reduced prima facie requirements arising under *McDonnell Douglas* in the initial phase of a Title VII litigation); *Sealy v. State Univ. of New York at Stony Brook*, No. 17-CV-1137, 2019 WL 5781883, at *3 (E.D.N.Y. Sept. 30, 2019) (dismissing Title VII discrimination claim where plaintiff had failed to allege any facts concerning plaintiff's national origin).

In addition, Title VII's anti-retaliation provision makes it unlawful "for an employer to discriminate against any . . . employee[] . . . because [that individual] opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII investigation or proceeding." 42 U.S.C. § 2000e-3(a). In order to "establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 315-16.

The ADEA, in turn, makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

6

individual's age." 29 U.S.C. § 623(a)(1). A plaintiff alleging age discrimination under the Age Discrimination in Employment Act must allege "that age was the 'but-for' cause of the employer's adverse action." *Vega*, 801 F.3d at 86 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

In this case, Plaintiff's only allegation against Defendant NYCT related to the January 9, 2020 incident is that "the MTA reinstated" him and did not question him about the incident "until July 23, 2022." (Compl. at 9.) Plaintiff has not made any factual allegations, however, that Defendant NYCT took adverse action against him based on his race, color, sex, religion, national origin, or age.

As to his retaliation claim, Plaintiff does not allege that he participated in a "protected activity" under Title VII, let alone that Defendant NYCT "knew of the protected activity," or that there was a "causal connection between the protected activity and the adverse employment action." *See Littlejohn*, 795 F.3d at 315-16. The Court also notes that it is not apparent from the face of the complaint which particular adverse employment action Plaintiff is alleging was discriminatory or retaliatory. Although Plaintiff asserts that he was terminated on "January 9, 2020," he did not identify "termination of [] employment" as discriminatory conduct on his "Statement of Claim." (Compl. at 4.) Plaintiff

7

also alleges that the "discriminatory acts" occurred on September 11, 2020, which is a different date than the alleged January 9, 2020 date of Plaintiff's termination. (*Id*.)  Furthermore, Plaintiff states that he was "reinstated" by his employer, but does not plead any facts regarding the date or circumstances of his reinstatement.

Accordingly, Plaintiff has not pleaded sufficient facts to state either a retaliation or discrimination claim under Title VII or the ADEA.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims as to Defendant Reeves and Defendant NYCT are dismissed for failure to state a claim under Title VII or the ADEA.  28 U.S.C. § 1915(e)(2)(B)(ii).  In light of Plaintiff's *pro se* status, however, he is granted thirty (30) days leave to file an amended complaint against Defendant NYCT, as detailed above.  *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  Should Plaintiff elect to file an amended complaint, he is informed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *Littlejohn*, 795 F.3d at 310.

Further, Plaintiff is informed that an amended complaint

does not simply add to the first complaint but rather completely replaces the original complaint. Therefore, Plaintiff must include in the amended complaint all the necessary and relevant information contained in the original complaint, plus the additional facts that are lacking, as discussed in this Order. The amended complaint shall be captioned "Amended Complaint" and bear the same docket number as the original complaint and this Order, No. 22-cv-03591-KAM. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment shall enter dismissing the action with prejudice, and the case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve Plaintiff with a copy of this Order and a form complaint for employment discrimination actions, and to note service on the docket by end of day, May 17, 2023.

**SO ORDERED.**

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:   May 16, 2023
         Brooklyn, New York

9